**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ADB COMMERCIAL CONSTRUCTION (LOUISIANA), LLC** | **CIVIL ACTION NO.:** _____ |
| **VERSUS** | **JUDGE:** _____ |
| **ST. CHARLES HOUSING, L.P.** | **MAGISTRATE:** _____ |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **ADB COMMERCIAL CONSTRUCTION (LOUISIANA), LLC**, who files this Complaint, and respectfully represents as follows:

### PARTIES

1.

Plaintiff, ADB COMMERCIAL CONSTRUCTION (LOUISIANA), LLC (hereinafter referred to as "ADB"), is a limited liability company organized under the laws of Louisiana, authorized to do and doing business in the State of Louisiana, with its principal place of business in Cypress, Texas.

2.

The sole member of ADB Commercial Construction (Louisiana), LLC,[1] is ADB Commercial Construction (Gulf Coast), LLC, a limited liability company organized under

---

[1] The citizenship of a limited liability company is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

the laws of Louisiana, authorized to do and doing business in the State of Louisiana, with its principal place of business in Cypress, Texas. The sole member of ADB Commercial Construction (Gulf Coast), LLC is ADB Commercial Construction, Inc., a corporation incorporated in Texas and with its principal place of business in Texas.[2] Thus, based on the citizenship of its members, Plaintiff is a citizen of Texas.

3.

Made Defendant herein is St. Charles Housing, LP (hereinafter referred to as "St. Charles"), a limited partnership[3] organized under the laws of Louisiana with its principal office located in New York.

4.

The general and limited partners of St. Charles Housing, LP are: MT St. Charles, LLC, a Louisiana limited liability company; One Tree, LLC, a California limited liability company; White Sound Holdings, LLC, a Florida limited liability company; Rick Realty Investments, LP, a Delaware limited partnership; Marc and Ellie Menowitz Family Trust, a California trust; FAM Descendants Trust, a Florida trust; Brian I Chadroff DDS Self Employed Retirement Plan; Todd Menowitz; Suzanne Menowitz; Lisa Hamburger; Lawrence C. Porter II; Stephen Gilberg; Jeremy Isaacs; Myles Menowitz; and Jonathan McLelland.

---

[2] A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 USCS § 1332(c)(1)

[3] The citizenship of a limited partnership is based upon the citizenship of each of its partners. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).

5.

The citizenship of the general and limited partners of St. Charles Housing, LP are as follows:

    a.    MT St. Charles, LLC has two members, Marc Menowitz, a citizen of California and Todd Menowitz, a citizen of New York,
    b.    One Tree, LLC has three members, Robert Leff, Jim Leff and Tim Tucker, all citizens of California.
    c.    White Sound Holdings, LLC has four members, Charles L. Park, Susan Baxley, Christopher Goolsby and Anthony De La Tone, all citizens of Florida.
    d.    Rick Realty Investments, LP has five partners, Frederick A. Menowitz, a citizen of Florida, Todd Menowitz, a citizen of New York, Marc Menowitz, a citizen of California, Suzanne Menowitz, a citizen of Florida and Lisa Hamburger, a citizen of Maryland.
    e.    The trustee of the Marc and Ellie Menowitz Family Trust[4] is Marc Menowitz, a citizen of California.
    f.    The trustee of FAM Descendants Trust is Frederick Menowitz, a citizen of Florida.
    g.    The trustee of the Brian I Chadroff DDS Self Employed Retirement Plan is Brian I Chadroff, a citizen of New York.
    h.    Todd Menowitz, Stephen Gilberg, Jeremy Isaccs, Myles Menowitz, and Jonathan McLelland are all citizens of New York.
    i.    Suzanne Menowitz and Lawrence C. Porter, II are citizens of Florida.
    j.    Lisa Hamburger is a citizen of Maryland.

Thus, based on the citizenship of its partners, Defendant is a citizen of New York, California, Florida and Maryland.

---

[4] For diversity purposes, the citizenship of a trust is determined by the citizenship of each of its trustees, Logan v. Hit or Miss, LLC, No. CIV. A. 07-1116, 2009 WL 1035018, at *2 (W.D. La. Apr. 15, 2009)

## JURISDICTION AND VENUE

6.

This Honorable Court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a) because there exists complete diversity between Plaintiff, a citizen of Texas, and Defendant, a citizen of New York, California, Florida, and Maryland, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.

Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) because the work performed that is the subject of this dispute was performed in this district.

## FACTUAL ALLEGATIONS

8.

St. Charles is the owner of property identified as St. Charles Place Apartments ("Property"), a residential apartment complex located in Lake Charles, Louisiana.

9.

In August 2020, Hurricane Laura struck and greatly impacted Lake Charles. In October 2020, Hurricane Delta also struck the Lake Charles area. Upon information and belief, the Property sustained damage as a result of Hurricanes Laura and Delta.

10.

St. Charles retained ADB to perform work on the Property, including repairing corridors, decking, electrical, framing, furr downs, general maintenance, HVAC, laundry and office, permits, plumbing, security, termite repairs and trees.

11.

St. Charles and ADB negotiated and exchanged revisions of a written construction contract but never finalized and executed same.

12.

ADB provided various proposals or quotes to St. Charles, including, but not limited to, a quote for removing and replacing vinyl siding, a roofing proposal, an electrical quote, and a plumbing quote. Some of these proposals were signed by an authorized representative of St. Charles, and verbal approval was provided to proceed for the remainder of the quotes or proposals.

13.

Pursuant to the written proposals and quotes, and written contract drafts exchanged, as well as the verbal agreement of St. Charles, ADB performed work based on agreed upon unit price on the Property as requested by St. Charles and submitted invoices for payment to St. Charles.

14.

On or about March 24, 2022, ADB was notified that it was terminated and was instructed to immediately leave the Property.

15.

To date, ADB has submitted invoices to St. Charles in the amount of $2,427,744.61 for work performed on the Property and the total amount paid by St. Charles to ADB is $1,685,561.65. The total of all outstanding invoices is $742,182.96, to which an adjustment in the amount of $45,542.00 has been made.

16.

Despite written demand, St. Charles has refused to pay the outstanding invoices for work performed and ADB is owed the sum of $696,640.96.

## COUNT I – BREACH OF CONTRACT

17.

ADB incorporates by reference the allegations set forth in Paragraphs 1 through 16 as if fully set forth herein.

18.

St. Charles breached its contract with ADB by unilaterally terminating ADB without cause and without any prior notification, and by failing to pay ADB for services performed pursuant to written and/or verbal agreements. Based on the verbal and/or written agreement between St. Charles and ADB, St. Charles is liable for payment to ABD for the amounts invoiced but not yet paid.

## COUNT II – EQUITABLE ESTOPPEL, DETRIMENTAL RELIANCE, UNJUST ENRICHMENT AND/OR QUANTUM MERUIT

19.

ADB incorporates by reference the allegations set forth in Paragraphs 1 through 16 as if fully set forth herein.

20.

In the alternative, in the event that ADB is not entitled to recover all amounts sought pursuant to verbal and/or written agreements between the parties, ADB acted in reasonable reliance upon the request of St. Charles and changed its position in reliance

upon St. Charles' requests for ADB to perform work on the Property, and is entitled to recovery pursuant to equitable estoppel, detrimental reliance, unjust enrichment and/or quantum meruit.

## COUNT III – ATTORNEY'S FEES

21.

ADB incorporates by reference the allegations set forth in Paragraphs 1 through 16 as if fully set forth herein.

22.

St. Charles has failed to pay the amounts due to ADB despite written demand setting forth the amount owed.  Therefore, St. Charles is liable to ADB for reasonable attorney fees pursuant to La. R.S. 9:2781.

**WHEREFORE**, Plaintiff, **ADB COMMERCIAL CONSTRUCTION (LOUISIANA), LLC**, respectfully prays that Defendant, **ST. CHARLES HOUSING, L.P.**, be duly served and cited according to law, and that after all legal delays have elapsed and due proceedings are had, that there be judgment herein in favor of Plaintiff, granting a Judgment against Defendant for all damages in accordance with the law, for all costs of these proceedings, reasonable attorney's fees, and for any and all other relief which this Honorable Court deems fitting in the premises.

Respectfully Submitted,

**GRAVES CARLEY, LLP**

   *s/E. Allen Graves Jr.*
E. Allen Graves (La. Bar No. 21625)
Yvonne R. Olinde, (La. Bar No. 26480)
David W. Carley, (La. Bar No. 25607)
Joshua Coleman (La. Bar Roll No. 35453)
2137 Quail Run Drive, Bldg. B
Baton Rouge, Louisiana 70808
Telephone: (225) 757-7676
Facsimile: (225) 757-1771
E-mail:    agraves@gravescarley.com
              yolinde@gravescarley.com

   and

**STUTES & LAVERGNE, LLC**

Russell J. Stutes, Jr. (La Bar No. 21147)
Russell J. Stutes, III (La Bar No. 38420)
600 Broad Street
Lake Charles, LA 70602
Telephone: (337) 433-0022
Facsimile: (337) 433-0061
Email:    rusty@stuteslaw.com
             rjs3@stuteslaw.com

***Attorneys for ADB COMMERCIAL CONSTRUCTION (LOUISIANA), LLC***