UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

A D B COMMERCIAL CONSTRUCTION  CASE NO. 2:22-CV-01083
(LOUISIANA) L L C

VERSUS                                      JUDGE JAMES D. CAIN, JR.

ST CHARLES HOUSING L P                      MAGISTRATE JUDGE KAY

### MEMORANDUM RULING

Before the court is a Motion for Attorney Fees [doc. 27] filed by plaintiff ADB Commercial Construction (Louisiana), LLC, seeking a determination of the quantum of attorney fees and costs due following the one-day bench trial in this matter and the court's judgment in favor of ADB. The motion is unopposed.

### I.
### BACKGROUND

This suit arises from repair work done by ADB at St. Charles Place Apartments in Lake Charles, Louisiana, following Hurricane Laura. St. Charles Housing LP retained ADB to perform repair work on the 148-unit complex and restore it to as-was condition. The parties agreed to compensation on a cost plus ten percent basis. Work commenced in the fall of 2021. ADB was fired from the project in March 2022 and filed suit in this court one month later, alleging that it was owed $696,640.96 in outstanding invoices for work performed up to the time of termination. Doc. 1. Accordingly, it raised claims for breach of contract or, in the alternative, equitable estoppel, detrimental reliance, unjust

enrichment, and/or quantum meruit under Louisiana law. *Id.* It also made a claim for attorney fees under Louisiana's open account statute, La. R.S. 9:2781. St. Charles then countersued for breach of contract, negligence, and fraud. Doc. 6. It alleged that ADB had overcharged for its work and that the work was substandard and incomplete, necessitating significant rework by St. Charles after ADB's termination. *Id.*

The matter came before the undersigned for a one-day bench trial on October 10, 2023. Upon consideration of the testimony and evidence, the court issued an opinion on October 19, 2023, finding St. Charles liable for breach of contract and rendering judgment in favor of ADB in the principal amount of $669,878.96 (reflecting the outstanding invoices claimed, less deductions for defects subsequently discovered with the roofing) plus costs and reasonable attorney fees under La. R.S. 9:2781. Docs. 25, 26. The court directed ADB to file a motion on the appropriate amount of costs and attorney fees owed. *Id.* ADB filed this motion and response deadlines were set by the clerk's office, but St. Charles has not filed any opposition to ADB's motion. Accordingly, the motion is regarded as unopposed.[1]

---

[1] ADB's motion was filed on November 1, 2023, with the response thus due by November 22, 2023. *See* doc. 28 (Notice of Motion Setting). St. Charles filed a notice of appeal on November 20, 2023. Doc. 29. There was no request to stay proceedings relating to the attorney fee determination, however, and it is well-settled that a notice of appeal does not divest the court of jurisdiction to decide a motion for attorney fees. *E.g.*, *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816–17 (5th Cir. 1997). St. Charles's decision not to respond is therefore treated as an indication that it does not oppose the quantum of costs and fees set forth in ADB's motion.

## II.
## LAW & APPLICATION

The Supreme Court has stated that the "lodestar" method is the "most useful starting point" for determining an award of attorney fees. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The lodestar is computed by multiplying "the reasonable number of hours expended on the litigation" by "the reasonable hourly rates for the participating lawyers." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). This calculation is presumed to yield a reasonable fee but may be adjusted up or down if the twelve *Johnson* factors show exceptional circumstances warranting a departure. *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993). The party seeking the fee award bears the burden of establishing the reasonableness of its fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgment. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279, 286 (E.D. La. 2008). The trial court has broad discretion in determining the appropriate fee, due to its familiarity with the case and the quality of the attorneys' work. *Brady v. Fort Bend Cnty.*, 145 F.3d 691, 716 (5th Cir. 1998) (citing *La. Power & Light Co.*, 50 F.3d at 327).

### A. Reasonable Hourly Rate

Attorney fees are calculated based on the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of establishing the reasonableness of the rate, which may be accomplished through an affidavit of the attorney performing the work and information of rates actually billed and

paid in similar suits. *Id.* at 896 n. 11. If the rate is unopposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990).

The bulk of the fees in this matter were billed by E. Allen Graves, Jr., Yvonne R. Olinde, and David W. Carley, from the Baton Rouge firm of Graves Carley, LLP, at a rate of $325.00/hour. *See* doc. 27, att. 2. All three attorneys have over twenty years of experience and billed, in combination, over five hundred hours on this litigation through discovery and trial. *Id.* They have also billed $7,702.05 in expenses[2] for deposition transcripts, various fees, copy work, and attorney travel, but redacted and removed the billing for several entries that were not directly related to this litigation. *Id.* After those deductions, the total billed by the Graves Carley attorneys is $153,998.05. The remaining fees were billed by Russell J. Stutes, Jr. and Russell J. Stutes III, who have practiced, respectively, for over thirty years and over five years and are from the Lake Charles firm Stutes & Lavergne, LLC. Doc. 27, att. 3. Mr. Stutes, Jr. billed at a rate of $395/hour and Mr. Mr. Stutes III billed at a rate of $295/hour.The Stutes attorneys billed a combined ten hours in this matter, primarily through participation in trial and conferences. *Id.* With Mr. Stutes, Jr. billing eight hours and Mr. Stutes III billing the remaining two, their total comes to $3,750.00.

---

[2] There appears to be a split in district courts within this circuit as to whether costs/expenses are recoverable under La. R.S. 9:2781. *Compare CPI Card Group-Nevada, Inc. v. Traffic Jam Events, LLC*, 2013 WL 3561383, at *15 (E.D. La. Jul. 11, 2013) (citing *San Francisco Estates, S.A. v. Westfeldt Bros., Inc.*, 1998 WL 290206 (E.D. La. Jun. 1, 1998)) *with Romac Environmental Servs. LLC v. Wildcat Fluids LLC*, 2023 WL 7005011 (W.D. La. Oct. 23, 2023). St. Charles has waived this issue by failing to contest the expenses claimed. Upon review, the court finds that the expenses claimed are reasonable.

St. Charles has not contested the reasonableness of the rates. Attorneys with over 20 years of experience have received between $300 and $375 per hour in recent cases. *See Olive v. Tubbs*, 2023 WL 6420794, at *8 & n. 29 (W.D. La. Sep. 29, 2023) (collecting cases). The undersigned also notes a recent award of lodestar attorney fees based on an uncontested hourly rate of $405/hour for a commercial litigator with eighteen years' experience in the Monroe division. *See Sunbelt Rentals, Inc. v. BJ Moore Trucking, LLC*, 2021 WL 9274368 (W.D. La. Jul. 29, 2021). Accordingly, the court finds no basis to reduce the hourly rates billed in this matter.

### B. Reasonable Hours Expended

The party seeking the fee award bears the burden of establishing the reasonableness of the fees by submitting documentation of the hours reasonably expended. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). A party submitting a fee request must exercise billing judgment by excluding time that is unproductive, excessive, or inadequately documented. *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 768–69 (5th Cir. 1996); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Hours that are not properly billed to the client are also not properly billed to the adversary. *Hensley*, 461 U.S. at 434. The remedy for a failure to exercise billing judgment is to reduce the award by a percentage intended to substitute for the exercise of billing judgment. *Saizan*, 448 F.3d at 799. Alternatively, the court can conduct a line-by-line analysis of the time report. *Batiste v. Lewis*, 2019 WL 1591951, at *4 (citing *Green v. Admins. of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002), *overruled on other grounds by BNSF Ry. Co. v. White*, 548 U.S. 53 (2006)).

There were no deductions from the Stutes attorneys, but at the same time the hours billed did not appear excessive or duplicative. The Graves Carley attorneys originally billed $159,217.50 and $7,702.05 in costs, but reduced their fees by $12,921.50. *See* doc. 27, att. 2. This reflects an eight percent reduction in hours. The remaining time entries are detailed, reflecting extensive preparation and coordination with opposing counsel.[3] While the bench trial lasted only one day, the court takes judicial notice of the fact that this matter was document-intensive and involved defense of a counterclaim as to the quality of ADB's plumbing, electrical, and roofing work. Accordingly, the fees claimed are reasonable and there is no basis for making any further adjustment of the award based on the billing judgment of the attorneys or the *Johnson* factors.

### III.
#### CONCLUSION

For the reasons stated above, ADB Commercial Construction (Louisiana), LLC will be awarded attorney fees in the amount of $157,748.05 under Louisiana Revised Statute 9:2781.

**THUS DONE AND SIGNED** in Chambers on the 29th day of November, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[3] The entries also include some block billing, particularly approaching the trial date. *See* doc. 27, att. 2, pp. 71–72. In these entries it appears travel time was billed at the regular rate. Attorney travel time is usually compensated at 50 percent of the regular rate and the court has the discretion to reduce fees for non-working travel time. *E.g.*, *In re Babcock & Wilcox Co.*, 526 F.3d 824, 827–28 (5th Cir. 2008). Given the nearness of these entries to the trial date, however, and the level of preparation displayed at trial, the court is satisfied that all time was used efficiently and that the full-day entries were appropriately billed.